UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 2:14-CR-006 |
| ) | |
| JORDAN JOHNSON ) | |

### MEMORANDUM AND ORDER

On September 11, 2014, the court held a hearing on the defendant's *pro se* request to withdraw his guilty plea [doc. 66] and the motion for plea withdrawal filed by defendant's attorney [doc. 55]. For the reasons that follow, each motion will be denied.

I.

*Background*

This is a multi-defendant counterfeiting case. On April 7, 2014, the present defendant signed a plea agreement admitting guilt to Count One (conspiring to make and possess counterfeit Federal Reserve Notes). The court accepted that guilty plea at an April 22, 2014 hearing, and a transcript of that hearing has been filed [doc. 90].

On July 22, 2014, defense counsel moved for the defendant to be allowed to withdraw his guilty plea "for reasons to be set forth by Defendant at court." On July 25, 2014, the defendant filed his *pro se* motion, asking both to withdraw his plea and to be appointed a different attorney. That mailing was postmarked July 22. Subsequently, at a hearing before Chief United States Magistrate Judge Dennis Inman, the defendant

abandoned his request for a new lawyer. [Doc. 86, 103].

As to the withdrawal of his plea, the defendant's *pro se* motion states:

> My co-defendant (Gerren Neff) is being represented by (Thomas Rasnic) <u>my</u> lawyers cousin – my lawyer – (Joseph Rasnic). This is a conflict of interest. Also Gerren Neff is my uncle. He was/and is willing to testify against me in my case. I was forced to plea guilty to something I am truely innocent of. But I had no choice too because I was afraid my lawyer (Joseph Rasnic), my uncle's lawyer (Thomas Rasnic), and my uncle were all 3 working against me. So I was forced to plea out. I'm innocent of this crime.

[Doc. 66, p. 1-2] (spelling, grammar, and emphasis as in original).

As noted, on April 7, 2014, the defendant signed a plea agreement. In material part, that agreement provides:

- "The defendant is pleading guilty because the defendant is in fact guilty." [Doc. 32, ¶ 3].

- The defendant admitted responsibility for his role in the counterfeiting scheme. [Doc. 32, ¶ 4(a)-(f)].

- "No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding any potential sentence in this case are not binding on the Court, and may not be used as a basis to rescind this plea agreement or withdraw the defendant's guilty plea(s)." [Doc. 32, ¶ 6].

At the commencement of the April 22, 2014 change of plea hearing, the defendant swore to tell the truth. [Doc. 90, p.2]. The following pertinent exchanges and acknowledgments from the change of plea hearing are noted:

- The defendant confirmed his understanding that he could be prosecuted for perjury if he answered any questions falsely. [Doc. 90, p.3].

- The defendant affirmed that he understood what was happening. [Doc. 90, p.3-4].

2

- The defendant affirmed that his attorney had explained the terms of the plea agreement to him, and that he was satisfied with his attorney's advice and representation. [Doc. 90, p.5].

- The defendant affirmed his understanding "that by entering a plea of guilty if that plea is accepted by the Court that there will be no trial and that you will have given up the right to a trial of any kind as well as those other rights associated with a trial . . . ." [Doc. 90, p.6].

- The defendant agreed with the government's summary of his criminal conduct in this case, and he confirmed that he was pleading guilty because he was in fact guilty. [Doc. 90, p.10].

- The court advised the defendant, "You will not be permitted to withdraw your plea on the basis of the sentence that you might receive." [Doc. 90, p.12-13].

- After hearing the above-noted admonitions, the defendant confirmed that he still wished to plead guilty. [Doc. 90, p.14].

Having personally observed the defendant's appearance and responsiveness, the court found him competent to plead guilty. [Doc. 90, p.14]. The court then accepted the plea and concluded the hearing by asking the defendant if he had any questions. [Doc. 90, p.14-15]. The defendant replied, "No, Sir." [Doc. 90, p.15].

The defendant's Presentence Investigation Report ("PSR") was disclosed on July 9, 2014. Defense counsel filed a notice of objections on July 22, 2014 – the same date as the filing and/or mailing of the motions now before the court. [Doc. 56]. Legally, the defendant objects to the criminal history scoring of certain juvenile convictions. Factually, he objects only that he was not involved in a traffic stop discussed in the Offense Conduct section of the PSR.

3

The defendant has <u>not</u> objected to any other contents of the PSR's "Offense Conduct" section, including paragraphs 7 through 12 (which are admissions of guilt taken verbatim from the plea agreement), and paragraphs 14 through 17 (which further implicate the defendant in the instant conspiracy). At sentencing, the court may accept those unobjected-to paragraphs as findings of fact. *See* Fed. R. Crim. P. 32(i)(3)(A).

II.

*Analysis*

After a plea of guilty has been accepted by the court, a defendant may withdraw that plea upon demonstrating "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). To determine whether a defendant has presented "a fair and just reason," courts consider a nonexhaustive list of factors including,

1. The length of time between the plea and the motion to withdraw;

2. The presence or absence of a valid reason for failing to move earlier;

3. Whether the defendant has asserted or maintained his innocence;

4. The circumstances underlying the entry of the guilty plea;

5. The defendant's nature and background;

6. The degree to which the defendant has prior experience with the criminal justice system; and

7. Potential prejudice to the government if the motion is granted.

*United States v. Quinlan*, 473 F.3d 273, 276-77 (6th Cir. 2007) (citing *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994)). These considerations "are a general, non-

4

exclusive list and no one factor is controlling." *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996).

> A defendant does not have an absolute right to withdraw a guilty plea and bears the burden of proving that he is entitled to withdraw his guilty plea. When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, the occasion for setting aside a guilty plea should seldom arise. The withdrawal of a guilty plea is inherently in derogation of the public interest in finality and the orderly administration of justice.

*United States v. Ellis*, 470 F.3d 275, 280 (6th Cir. 2006) (citations and quotations omitted).

### A. Length of Time Between Plea and Motion

As noted, this court accepted the defendant's guilty plea on April 22, 2014, and the defendant signed his plea on April 7, 2014. Defense counsel filed his motion on July 22, 2014, which is the same date as the postmark on defendant's *pro se* motion. Ninety days passed between the entry of the defendant's plea and his motions to withdraw. A delay of 30 days is "at the boundary line between what is acceptable and what is not." *United States v. Benton*, 639 F.3d 723, 727 (6th Cir. 2011) (citing and quoting *United States v. Jannuzzi*, No. 07-4521, 2009 WL 579331, at *3 (6th Cir. Mar. 6, 2009)). The 90-day delay in this case does not weigh in the defendant's favor. *See Benton*, 639 F.3d at 727 (93-day delay weighed against the defendant).

### B. Reason for Failing to Move Earlier

According to defense counsel's memorandum,

> Defendant first raised the issue of withdrawing his plea in a letter received by counsel at the end of April 2014, wherein he indicated that he intended to withdraw his plea and proceed to trial unless he was provided copies of all witness statements implicating him in the conspiracy. I had previously explained to him that the government was not obliged to provide these unless he planned to go to trial. He has persisted in his request for these documents.

[Doc. 72, p.2]. At the September 11 hearing, counsel stressed that it was *he* who made the decision not to file a motion in April. In response, the prosecution correctly points out that the concern raised by the defendant in his April 2014 letter is not a valid basis for plea withdrawal. The court further observes that the timing of the defendant's motions (filed or mailed on the same date as his objections to the criminal history category calculated by the PSR) is suspect. This factor, the reason for failing to move earlier, weighs against allowing withdrawal of the guilty plea.

### C. Assertions of Innocence

As quoted immediately above, defense counsel's memorandum cites an apparent *tactical* concern raised by the defendant in late April of 2014 regarding the quantity and quality of the proof against him. It was not until three months later in his *pro se* motion that the defendant stated on the record, "I'm innocent of this crime."

By contrast, the signed plea agreement clearly provides, "The defendant is pleading guilty because the defendant is in fact guilty." Similarly, at his change of plea hearing the defendant stated under oath that he was pleading guilty because he was in fact

6

guilty. "This factor cuts against Defendant. Defendant admitted his guilt at least twice before he ultimately decided to declare his innocence." *United States v. Gregory*, 41 F. App'x 785, 792 (6th Cir. 2002).

Rule 11(d) is designed "to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991) (citation and quotation omitted). "Belated claims of innocence without more are simply insufficient to justify withdrawal of a guilty plea." *Gregory*, 41 F. App'x at 792. In his *pro se* motion, the defendant states that he is asking to withdraw his plea "mainly" because his cousin and the two attorneys were "possibly" working against him. [Doc. 66, p.2]. The consideration of whether the defendant has asserted or maintained innocence weighs in favor of denying his motions.

### D. Circumstances Underlying the Entry of the Guilty Plea

The defendant claims he was "forced" to plead guilty because he "was afraid" that his attorney, his uncle, and his uncle's attorney were conspiring against him. The court again notes that the defendant: swore to tell the truth at his change of plea hearing; admitted his guilt; and said he was satisfied with his attorney's representation. Therefore, the defendant's current position is that he repeatedly lied under oath at his change of plea hearing. That fact renders his rather dubious conspiracy claim even less believable in the court's eyes. *See United States v. Banks*, 27 F. App'x 354, 359-60 (6th Cir. 2001) (defendant's claim of inadequate counsel refuted by his prior statement under

7

oath that he was satisfied with his attorney); *accord United States v. Terry*, 162 F. App'x 539, 541 (6th Cir. 2006) (same).

The court has considered the circumstances underlying the entry of the guilty plea. This factor does not weigh in favor of plea withdrawal.

E. Nature, Background, and Experience with the Criminal Justice System

According to the PSR, the defendant has earned his GED. In 2006, he underwent a psychological evaluation. The examiner concluded that the defendant possesses at least average intelligence and does not have a learning disability. The only "mental health" diagnoses were "Conduct Disorder, Adolescent Onset Type, Severe" and "Problems with Primary Support Group, Problems Related to Interaction with the Legal System." The PSR further states that, in 2009, the defendant "was referred for psychiatric treatment due to Attention-Deficit Hyperactivity Disorder (ADHD) symptoms. He was placed on medication and visited a psychiatrist on a monthly basis." According to defense counsel's memorandum, the defendant "indicated to me for the first time during our telephone conference on July 25 that he desires to be referred for a psychological evaluation." [Doc. 72, p.3].

The defendant is only 20 years old yet the PSR lists numerous prior convictions (beginning at age 12). In addition, his custodial infraction record features several "repeated refusals to follow direct orders" along with threatening, "interfering with," and "manipulating" staff.

8

Defense counsel correctly points out that the defendant has prior experience only with the state system, and only one prior conviction is non-juvenile. The court notes, however, that there are more than 20 pending adult charges against the defendant in Sullivan County, Tennessee. The court further notes defense counsel's candid admission that "Counsel believes that there is a perception based on the experience of others in the state and juvenile system that withdrawing a guilty plea is a common or routine occurrence." [Doc. 72, p.3-4].

Although this is indeed the defendant's first federal case, the record and this court's personal observations do not indicate that the defendant was unable to understand either his plea agreement or the court's admonitions at the change of plea hearing. What the defendant perceives others may or may not have gotten away with in the state juvenile system is irrelevant. This court again notes the defendant's prior affirmations that he is guilty in this case and that he understood the role of the PSR and Sentencing Guidelines. On the whole, the defendant's nature, background, and experience with the criminal justice system weigh in favor of denying the present motions.

### F. Prejudice to Government

The government "is not required to establish prejudice that would result from a plea withdrawal, unless and until the defendant advances and establishes a fair and just reason for allowing the withdrawal . . . ." *United States v. Spencer*, 836 F.2d 236, 240 (6th Cir. 1987). Having considered the *Quinlan/Bashara* factors, the court concludes that the defendant has not shown a fair and just reason for withdrawing his plea. The

9

court therefore need not further address the "prejudice to government" factor.

III.

*Conclusion*

For the reasons stated herein, the pending motions [docs. 55, 66] are **DENIED**. Sentencing remains set for Thursday, November 6, 2014, at 10:00 a.m. in Greeneville.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge