UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA )
)
v. ) No. 2:14-CR-006
)
JORDAN JOHNSON )

## **MEMORANDUM AND ORDER**

Following the defendant's unsuccessful efforts to withdraw his guilty plea, this case is before the court on the "United States' Motion to Eliminate Reduction for Acceptance of Responsibility" [doc. 98]. That motion will be granted.

On April 22, 2014, the defendant pled guilty to conspiring to make and possess counterfeit Federal Reserve notes. In material part, the plea agreement provides,

> Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. . . . Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the defendant's offense(s) . . . the United States . . . will be free to recommend to the Court that the defendant not receive any offense level reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

[Doc. 32, ¶ 7].

The United States Probation Office has prepared and disclosed a Presentence Investigation Report ("PSR") [doc. 134], recommending a two-level reduction in the defendant's offense level for acceptance of responsibility under guideline 3E1.1(a). *See* U.S. Sentencing Guidelines Manual § 3E1.1(a) (2013) ("If the defendant

clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.").

> Entry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which he is accountable . . . will constitute significant evidence of acceptance of responsibility for the purposes of subsection (a). However, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility. *A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right.*"

*Id.* § 3E1.1 cmt. n.3 (emphases added).

Application Note 1 to Guideline 3E1.1 offers a non-exhaustive list of factors for use in determining whether a defendant has clearly demonstrated acceptance of responsibility. The court has considered those factors to the extent relevant. In the defendant's favor, it is noted that he was the first of the conspirators in this case to enter a guilty plea. When interviewed by the probation officer, the defendant admitted his involvement in the offense. Further, the court has reviewed the letter recently submitted by the defendant [doc. 132, ex.1], in which he expresses both acceptance and remorse. It is the court's hope that those expressions are sincere, but the defendant's criminal history and conduct in the present case cause the letter to be read with a degree of skepticism.

Ultimately, the present defendant's conduct in moving to withdraw his plea outweighs his prior and subsequent admissions of guilt. In his *pro se* motion the defendant contended, "I was forced to plea [sic] guilty to something I am truely [sic] innocent of. . . . I'm innocent of this crime." [Doc. 66]. By order dated September 12, 2014, the court denied that motion, describing the defendant's claims as "dubious" and

unbelievable. [Doc. 106]. Those claims (most particularly the allegation that his attorney and his cousin were conspiring against him) wasted considerable resources of both this court and the prosecuting attorney.

"An improper motion to withdraw a guilty plea is sufficient basis for withholding a finding of acceptance of responsibility." *United States v. Silva*, 122 F.3d 412, 416 n.1 (7th Cir. 1997) (citation omitted); *accord United States v. Armendariz Soto*, 660 F.3d 1264, 1266-67, 1269 (10th Cir. 2011). The court will deny acceptance of responsibility credit in this case due to the defendant's frivolous attempt to withdraw his guilty plea. With that adjustment, the defendant's total offense level will be 15, and his advisory guideline range will be 37 to 46 months.

The "United States' Motion to Eliminate Reduction for Acceptance of Responsibility" [doc. 98] is **GRANTED**. Sentencing remains set for November 6, 2014, at 10:00 a.m. in Greeneville.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge